*412 OPINION.
Black :
The question is whether the transaction whereby the Coca-Cola Co. during 1935 acquired from petitioner and retired 1,000 shares of its class A stock which petitioner had held since 1929 was, as respondent contends, a distribution in partial liquidation so that 100 percent of the recognizable gain should be taken into account in computing net income, or whether the transaction should, as petitioner contends, be regarded simply as a sale by petitioner of a capital asset so that only 40 percent of the recognizable gain should be taken into account.
Petitioner relies principally upon sections 112 (a) and 117 (a) of the Revenue Act of 1934,[1] section 27 of the General Corporation *413 Law of the State of Delaware,[2] and the cases of William A. Smith, 38 B. T. A. 317, and W. C. Robinson, 42 B. T. A. 725. The respondent relies principally upon subsections (c) and (i) of section 115 of the Revenue Act of 1934[3] and the cases of Fox v. Commissioner, 113 Fed. (2d) 113; Benjamin R. Britt (par. 5 of syllabus), 40 B. T. A. 790; affirmed upon other issues at 114 Fed. (2d) 10; Cohen Trust v. Commissioner, 121 Fed. (2d) 689; and Marie Hammans v. Commissioner, 121 Fed. (2d) 4.
Petitioner argues that the transaction here involved constituted a “sale” within the purview of section 112' (a); that there was no “distribution” of assets within the meaning of section 115 (i); that in those cases decided by the Board and the courts in which the stock was not retired pro rata there was a tacit consent on the part of those holders whose stock was not retired; that under section 27 of the General Corporation Law of the State of Delaware there was no intent to make a call, but but that there was an intent to sell and an intent to purchase; that there was no partial liquidaion of the business of the Coca-Cola Co.; and that there was no reduction in the authorized capital stock of the company.
Petitioner has requested the Board to find the facts as stipulated and also to make three additional findings as follows:
1. The taxpayer disposed of his stock upon a sale thereof as that term is used in Section 112 (a) of the Revenue Act of 1934.
2. There was no distribution of assets by The Coca-f!ola Company as that term is used in Section 115 (i) of the Revenue Act of 1934. Hence, there was no distribution in partial liquidation. Instead, the money paid out by The Coca-Cola Company was in discharge of its contractual obligation to purchase stock.
3. The stock having been held by the taxpayer for more than 5 years but not for more than 10 years, only 40 per centum of the gain is to be taxed.
*414 We found the facts as stipulated, but were unable to make the special findings requested by petitioner for reasons which we shall presently state.
We think it may be conceded that the transaction in question took the form of a sale by petitioner of the 1,000 shares to the Coca-Cola Co. We do not think, however, that this fact alone controls'the manner in which the gain is to be taxed under the taxing statute. We think consideration must be given to all the facts surrounding the transaction such as (1) the desire of the corporation as expressed in its minutes of August 31, 1935, to reduce its outstanding class A shares from 800,000 to 600,000 shares; (2) the fact that during the year 1935 the corporation did acquire and retire 200,000 shares of its class A stock; (3) that the 1,000 shares here in question were a part of the shares so acquired and retired; (4) that the so-called sale price was the redemption price stated in the certificate of incorporation of $52.50 per share plus accrued dividends of $1.30 per share instead of the market price of from $55 to $57.50 per share; and (5) that the retirement of the stock was charged to the earned surplus and class A capital stock accounts on the books of the corporation. We think that when consideration is given to these facts surrounding the transaction the conclusion must be that the transaction falls within the term “amounts distributed in partial liquidation” as that term is used in section 115 (c) and defined in section 115 (i) of the Revenue Act of 1934. Cohen Trust v. Commissioner, supra. In that case a Delaware corporation- in 1936 sent to all holders of its preferred stock a letter informing them that “The company will buy for retirement on December 26, 1936” 10,000 shares or more of such stock and invited them to offer their stock to the company at prices not to exceed $105 per share, which was' the redemption price of the preferred stock as stated in the bylaws of the company. At that time the company had outstanding 11,116 preferred shares out of a total authorized issue of 30,000 shares. In response to this letter the Cohen trust offered to sell its 447 shares at $105 per share. The offer was accepted and the trust delivered its stock to the company and received the sale price in full. Out of the 11,116 shares, 8,705 shares (including the 447) were thus acquired by the company and retired on or before December 31, 1936. In that case, as contended here, the Cohen trust contended that its disposition of the 447 shares must be regarded as a sale rather than a distribution in partial liquidation. The court answered this contention in part as follows:
As to the petitioner’s first contention, it may be conceded that its disposition of its stock partook of the nature of a sale in that the petitioner ceded its ownership for a consideration. * * * But, even though the transaction presents some of the elements of a sale, the gain derived therefrom does not fall within *415 the reach of Section 117 (a). Section 115 (c) expressly provides that ‘Despite the provisions of Section 117 (a), 100 per centum of the gain * * * shall be taken into account in computing net income” in the case of gain resulting from the partial liquidation of a corporation. * * * Under well known rules of construction the general provision in Section 117 (a) would give way to Section 115 (c) where the latter is applicable. * * * Consequently, the answer to the question whether the distribution by the corporation was in complete cancellation or redemption of a part of its stock must be wholly unaffected by whether or not the transaction could in any view be deemed to have been a sale.
Counsel for petitioner suggests in his brief that of the several decisions of the Board on this question none have pointedly observed that the statutory definition of the term defined in section 115 (i) (see footnote No. 3, supra) includes the use of the word “distribution”; that a distribution contemplates a division by a corporation of assets pro rata among all of the shareholders of the corporation, or among all of the shareholders of a particular class; and that, since in the instant proceeding only a small percentage of the class A stockholders participated in the transactions whereby only a part of the class A stock was retired, the payments to such participating stockholders could not be regarded as distributions to them. And in his reply brief counsel for petitioner says that if there was a distribution in partial liquidation, the Commissioner wins. The court in Cohen Trust v. Commissioner, supra, regarded similar payments by the corporation there involved as representing distributions in partial liquidation. We think there was a “distribution” in partial liquidation in the instant case just as the court held there was one in the Cohen Trust case. The Coca-Cola Co. desired to retire 200,000 shares of its class A stock. It could have issued a call for that many shares. Instead it received as a dividend in kind from its wholly owned subsidiary a part of the needed shares and a sufficient number of stockholders agreed to sell to the corporation a part of their shares to make up the balance, for the redemption price stated in the certificate of incorporation rather than the market price. Some of the stockholders did this because they thought it better to sell at the call price than to have all or a part of their stock called for retirement. The corporation thus retired the 200,000 shares and charged $1,000,000 to its class A capital stock, account and $9,300,253.92 to its earned surplus account. We think this was an apportionment of over $10,000,000 among several or many and comes within the term “amount distributed in partial liquidation” as used in section 115 (c) and defined in section 115 (i) of the Revenue Act of 1934. In order for a distribution to come within that term we do not think it a prerequisite that every stockholder of the corporation or every stockholder of a particular class share pro rata in the assets distributed. Cohen Trust v. Commissioner, *416 supra. Cf. Fox v. Commissioner, supra; C. W. Murchison, 32 B. T. A. 32; E. T. Schuler, 29 B. T. A. 415, 418; Christopher v. Burnet, 55 Fed. (2d) 527.
The remaining arguments advanced by petitioner likewise fail to convince us that the transaction in question was not a distribution in partial liquidation within the meaning of the statute. There is no evidence whether there was or was not a tacit consent on the part of those stockholders whose stock was not retired. There is certainly no evidence that any of the stockholders objected. Regarding section 27 of the General Corporation Law of the State of Delaware (see footnote No. 2, supra), petitioner concedes that if the Coca-Cola Co. had proceeded under section 27 (1) a distribution in partial liquidation would have occurred, but urges that since it proceeded under section 27 (2) a purchase and not a distribution in partial liquidation took place. The corporation involved in Cohen Trust v. Commissioner, supra, was a Delaware corporation. It proceeded under section 27 (2) and the transaction was held to be a distribution in partial liquidation. See also Frelmort Realty Corporation, 29 B. T. A. 181, 187; Phelps v. Commissioner, 54 Fed. (2d) 289. In order for a distribution to be a distribution in partial liquidation it is not necessary that the corporation be planning a cessation or winding up of a part of its business activities. Salt Lake Hardware Co., 27 B. T. A. 482, 486; Commissioner v. Quackenbos, 78 Fed. (2d) 156; Benjamin R. Britt, supra, pp. 796, 797.
Finally, petitioner argues that, since there was no reduction in the “authorized” capital stock of the Coca-Cola Co., there could be no distribution in partial liquidation. This argument was fully considered and held unavailing in Cohen Trust v. Commissioner, supra. The cases of William A. Smith, supra, and W. C. Robinson, supra, relied upon by petitioner, are distinguishable from the instant proceeding upon the ground that in those cases the stock acquired by the respective corporations there involved was held in the treasury, whereas in the instant proceeding it was completely retired and redeemed. Cohen Trust v. Commissioner, supra; Marie Hammans v. Commissioner, supra.
The deficiency should be redetermined by taking into account in computing net income 100 per centum of petitioner’s gain in the transaction.

Decision will be entered v/nder Rule 50.

 SEC. 112. RECOGNITION OF GAIN OR LOSS.
(a) General Rule. — Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, * * *
SEC. 117. CAPITAL GAINS AND LOSSES.
(a) - General Rule. — In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income :
* * * * * * *
40 per centum if the capital asset has been held for more than 5 years but not for more than 10 years ;

 Sec. 27. — R. C. Sec. 27 — Retirement of Preferred Stoele: — Whenever any corporation organized under this Chapter shall have issued any preferred or special shares it may, subject to the provisions of its Certificate of Incorporation, (1) redeem all or any part of such shares, if subject to redemption, at such time or times, at such price or prices, and otherwise as shall be stated or expressed in the Certificate of Incorporation or (2) at any time or from time to time purchase all or any part of such shares, but in the case of shares subject to redemption, at not exceeding the price or prices at which the same may be redeemed, or (3) at any time or from time to time, by resolution of the board of directors, retire any such shares redeemed or purchased out of surplus.

 SEC. 115. DISTRIBUTIONS BY CORPORATIONS.
* * * * 1< w *
(c) Distributions in Liquidation. — Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Despite the provisions of section 117 (a), 100 per centum of the gain so recognized shall be taken into account in computing net income. * * *

*******

(i) Definition of Partial Liquidation. — As used in this section the term “amounts distributed in partial liquidation” means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock.